Good morning, Your Honors. My name is Raul Miranda, and I represent the Defendant Appellant. As the Court knows, we're here to consider a wobbler statute under California law. Being an Arizona practitioner, it's a very enlightening experience for me going through this, too. We don't have anything quite similar to it in Arizona. We do have a class 6 open, which the judge, district court judge in this case, being a former Superior Court judge in Arizona, was very familiar with. And I believe he erred when he failed to recognize California Penal Code Section 17b-1. He basically discounted it completely, saying that a judge has to declare, either in writing or orally, that it is a misdemeanor. And I believe under 17b-1, a judge only has to sentence someone to a sentence of jail time in the county jail under a wobbler. It has to be a judgment of conviction to jail time in the county jail, a year or less, to automatically render the sentence a misdemeanor. Well, let's just talk about that. And you're from Arizona, I'm from Idaho, so we're talking about California, but we'll see if we can't put this in perspective just a little bit. As I understand it, there's really two types of judgments in California. One you can impose and one you cannot impose. In other words, kind of like Idaho, we have two types of sentences. We have a withheld judgment where we don't impose the judgment. We let it just sit there and wait for what happens. And then we also have a judgment which we impose. Well, in this particular matter, this judge imposed a judgment of three years in the penitentiary, didn't he? He did, Your Honor. And he said, after I impose that three years in the penitentiary, I'll suspend the sentence. That is correct. And after I suspend the sentence, I'll give you probation. And then after I give you probation, I'll give you 364 days in the county jail for probationary jail time. Well, I don't think he ever said that. Well, but that's in fact what it was. It was a term and condition of his probation, wasn't it? Well, that's the point. I think that is exactly the point that is not clear in my mind. I'll answer my question. Isn't it true that as a term and condition of probation, he had to serve 364 days in the county jail? I cannot answer that question, Judge, because none of the documents that were presented in this case by the government, which primarily ER 067 and 68, the document which is the judgment, which is titled probation, conditional sentence. Yeah, it's titled probation. It is. Let me ask you another question. I'm not sure that the judge – Let me ask you another question. Yes, Judge. And if you can't answer that one, what if this guy came back to court having violated the terms and condition of his probation and the judge wanted to give him 10 years in the penitentiary, what would you do? Well, he wouldn't be able to under the – Why wouldn't he? Because he had a three-year sentence imposed which would have to be imposed. Amen. He had a three-year sentence imposed which was suspended. Yes, Your Honor. He had a three-year sentence imposed but suspended. It was a felony sentence as he marked. Well, see, that's where, in reading the California law, where it got me – you know, it's not – it wasn't that cut and dry to me simply because there's case law that says that even if a sentence is – a felony sentence is imposed and it's converted to a misdemeanor, that then it will become a misdemeanor for all purposes thereafter in a sentence. The judge could still impose a sentence of three years if he violated his probation. Well, but there is a California law that would suggest that even if you impose a felony sentence, you can reduce it to a misdemeanor, isn't there? That's 17b-3, Your Honor. Yeah. And that happens in Idaho. If you get a guy and you give him a sentence and it's a felony sentence but he does a good job on probation, all that has to happen is the attorney comes in and says, Judge, my guy's been awfully good on probation. Would you make that a misdemeanor? But it's still a felony until the judge gets that request, and that request was never given here, was it? Well, no, Your Honor. In fact, all that happened here was we had a sentence. They imposed it three years in the penitentiary, and then they said, because we think we might give this guy a chance, we'll put him on probation and give him 364 days to tune him up, is what I used to say in the Idaho jurisdiction, and make sure that he'd do what he had to do. And that's exactly what happened here. Still a felony sentence, still something that can be carried, a felony that had three years. Where do we go wrong? Well, I take it your position is that it's the sentence that it's not the sentence imposed, it's the sentence that he is the amount of time he's required to serve? Well, I see this document as having two sentences imposed in the same document, Your Honor, one that was suspended and one that was executed, was not suspended. The unexecuted was a jail sentence of 364 days. Why 364? I mean, that is why, you know, the judge has something in his mind when he imposes an odd number like that. Well, let me ask you a question. Isn't there also a law in California that you cannot put a person in the county jail for longer than a year? Right. You can put him in for 365 days. All right. Well, then, if, in fact, you're going to put him on probation and you're going to give him less than you want to keep him in the county jail, then you would give him terms and conditions of probation which would be less than the year. Or you can give him up to 365. A lot of cases they do give 365 from the cases that I've studied in my research. In other words, when I saw 364, to me it seems like that's a little different. You know, he's trying to send a message there. Okay. I think we understand your position, and it's not frivolous. Thank you, Your Honor. Good job. Let me move on to the reasonable stage of my arguments, which under 3553A, this particular defendant appellant was previously involved in incidents of drug abuse, substance abuse, and domestic violence. He had a couple misdemeanors, and he had this final felony-slash-wobbler statute at issue here as the culmination. For a total of that, he got various jail sentences, all of them under a year. This sentence itself, with the execution suspended, showed that, you know, in relation to other 1326B2s that we get, it was pretty harsh results. And even the government conceded that in the sentencing arguments in the transcript presented to the court, that it was an overly harsh result from the guidelines. We had argued for a sentence of 18 months, based on which we respected double any sentence he had ever received before. And in that case, the, you know, following the guidelines, which I respectfully submit were too much reliance on the guidelines, the judge went ahead and gave him a sentence of 41 months, even though he could have given him a lot higher. You had an opportunity to put in all of the material that you thought that the judge ought to consider and make the arguments that you wanted to make. Yes, Your Honor. And the judge didn't agree with you. That's exactly right. Okay. And the judge did concede that it was overly harsh, and he could have given him 63 months under the guidelines, and he gave him credit for his plea agreement. I mean, not his plea agreement, but his guilty, timely guilty plea, and he gave him full credit for acceptance of responsibility. So it's not such a bad result. Which wasn't as bad as it could have been, but we would have liked to see a little less. Okay. When you consider the 3553 factors and the substantively unreasonable issue, you didn't object to any of that at the trial, did you? Yes. I made the arguments in my sentencing memorandum. Where do I find that objection? I find an objection that the sentence ought to be clarified regarding a felony and a misdemeanor, but I didn't find any objection that you had objected that he didn't give all the three 3553A factors. Well, no, Your Honor. That was after the fact. I mean, we submitted 3553A factors to be considered in the sentencing memorandum prior to sentencing. After the sentencing hearing, there was no objections filed, but this appeal was taken. Okay. I think we understand. We'll give you a few seconds for the rebuttal. I have 26 seconds left, so thank you, Your Honor. I just wanted to reiterate one little point in my 22 seconds remaining, is the fact that nothing in these documents shows that it is a condition of probation, the sentence. And I don't know when the probation started from looking at these documents, whether it started after the 364 days were served or the day that this document was signed. That's my, I think, the key issue that I have a question about. Thank you, Your Honor. Thank you. Thank you. You have used your time. Good morning. Assistant U.S. Attorney George Vercoe on behalf of the United States. May it please the Court. The defendant's conviction for spouse-feeding was two years ago and remains today a felony. And if you look at the conviction documents, Mr. Miranda simply wants the Court to take a look at the jail section, the county jail section in M, to the exclusion of other facts, to the exclusion of the rest of the conviction document, and conclude that a misdemeanor sentence was imposed. If the Court looks at the conviction document, there are at least ten undisputed facts or signs that the Court imposed a felony sentence. First, it was a judgment issued by the, or excuse me, it was a conviction issued by the Superior Court of California, not a municipal court judge. Second, the document itself is titled Felony Probation Slash Conditional Sentence. Third, the defendant waived formal arraignment, which only applies in felony cases in the State of California. Fourth, and most importantly, the Court imposed a state prison sentence, which is the definition of a felony in the State of California. Number five, it has the indication of F being felony. Number six, the defendant received a three-year state prison sentence. The maximum term of imprisonment for a misdemeanor in California is actually six months, so three years clearly indicates that it was a felony conviction. Number seven, the defendant was granted formal probation as opposed to informal probation, as would be the case for a misdemeanor case. Number eight, on page ER-68, condition T-46, do not own, possess, have under custody or control any firearms or ammunition per State and Federal law. Why did the Superior Court judge impose that condition? Because the defendant was a convicted felon and hence a prohibited possessor. Number nine, the 364-day jail sentence that the defendant indicates was indicated converted this into a misdemeanor, in fact, shows that it was not. If revoked, as Judge Smith was talking about, if the defendant was revoked on his probation, essentially he would have one day hanging over his head to be served despite all the conditions, the bad arrears program, the financial conditions. That simply doesn't make any sense, Your Honor, Your Honors. And the conviction document is supported by the plea agreement in this case. The defendant signed the plea agreement. It was signed by the judge, his attorney, the interpreter, and the district attorney. And it indicates, paragraph 3, that he'd be pleading to a felony. Paragraph 6, the maximum penalty, 4 years. Again, that's a felony, that's a felony sentence. Paragraph 8, it indicates that he would be a convicted felon after he was, after the court accepted the plea. 20C, paragraph 20C on ER-64, no immediate State prison. All of those facts indicate that the defendant was and remains convicted of a felony. Putting aside those factors, some of which I believe are unsupported, for example, that an L.A. Superior Court judge can't impose his felony sentences, L.A. Superior Court judges can impose misdemeanor sentences as well, can't they? Yes, they can. But putting aside those factors you argued, is it your position that it's clear from looking at the sentence itself, with 3 years' State prison execution suspended, that it is a felony sentence, referring to the language of 17b of the Penal Code, which states, which states, refers to a judgment imposing a punishment other than imprisonment in State prison? Wasn't this, in fact, imprisonment in State prison? It was imprisonment in State prison, albeit execution suspended. And following up on your question, Judge Fairbank, under 17b-1, which is where the defendant hangs his hat, three, it has three prongs to it, none of which were met in this case. First of all, it has to be a judgment. And as I explained in my brief, a suspended sentence and probation are not judgments within the meaning of 17b. It has to be a judgment imposing punishment. And as I explained in the 28J letter that I submitted, probation is not a punishment under California law. And the mock case that I submitted, I think it just came out on June 3rd, clarifies that county jail is not punishment when it's submitted as a – when it's done as a condition of probation. Even if it was a judgment imposing punishment, it would have to be other than imprisonment in the State prison. And the Williams case holds – stands for the proposition that it has to be solely either a fine or county jail sentence in order for it to be converted into a misdemeanor. While I'm speaking on Williams, I do want to take just a brief opportunity to correct an error I made in my brief. On page 12, I quoted some language from Williams. And I think it's a correct proposition of law, but in double-checking it, my error – I did make an error in citing to Williams on page 12. I'd ask the Court not to consider that, please. And let me – if the Court has – if the Court has any more questions, I'll just briefly touch on the reasonableness. And I think the key to the reasonableness of the sentence is that the district court imposed a below-guideline sentence. This Court, sitting on Bonk and McCarty decision, indicated that although it did not adopt a formal presumption of reasonableness, it did indicate that a guideline sentence will be – normally be reasonable. Here, the district court granted a four-level variance, knocking almost a third off of this sentence and imposing a 41-month sentence instead of a 63-month sentence, which would have been the bottom of the guidelines. The defendant also made – What did the government argue for? I'm not sure, Your Honor. I apologize for that. I shouldn't know that. But the district court did grant a four-level variance, so it was a – it was a below-guideline sentence. And finally, Mr. Moran talks about too much reliance on the guidelines, and I don't know how that's possible when – when a below-guideline sentence was imposed. And unless the Court has any further questions, the government would ask the Court to affirm the sentence. Thank you. Thank you very much, Your Honor. The case just argued is submitted for decision.
judges: Schroeder, Smith, Fairbank